```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -  x
UNITED STATES OF AMERICA           :
                                   :
       - v -                       :
                                   :         14 Cr. 666 (PAE)
MATTHEW VADO,                      :
         Defendant.                :
- - - - - - - - - - - - - - - - -  x
```

# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF

# DEFENDANT'S PRETRIAL MOTION

```
                              Federal Defenders of New York
                              Daniel Habib, Esq.
                              Attorney for Defendant
                                 Matthew Vado
                              52 Duane Street - 10th Floor
                              New York, NY 10007
                              Tel.: (212) 417-8769


TO:      PREET BHARARA, ESQ.
         United States Attorney
         Southern District of New York
         1 St. Andrew's Plaza
         New York, NY 10007
Attn:    Max Nicholas, Esq.
         Assistant United States Attorney
```

**PRELIMINARY STATEMENT**

Matthew Vado respectfully submits this supplemental memorandum of law to address the relevance of the definition of "sexual contact" at 18 U.S.C. § 2246(3) to his motion for a determination that the enhanced penalty provisions of 18 U.S.C. §§ 2251(e), 2252A(b)(1), and 2252A(b)(2) do not apply to him.

**STATUTORY HISTORY**

Congress enacted the definition of "sexual contact" that now appears at § 2246(3) in 1986. Sexual Abuse Act of 1986, § 87(b), Pub. L. No. 99-646, 100 Stat. 3620, 3622. That legislation, whose purpose was "to modernize and reform federal rape statutes," H.R. Rep. 99-594, at 6 (1986), available at 1986 WL 31966, added to Title 18 a new Chapter 109A, which created several sexual abuse offenses. One of those offenses was "abusive sexual contact," defined as "knowingly engag[ing] in or caus[ing] sexual contact with or by another person" under certain circumstances. 100 Stat. at 3622 (codified at 18 U.S.C. § 2244). Congress defined the term "sexual contact" as follows: "As used in this chapter ... the term 'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 100 Stat. at 3622 (then codified at 18 U.S.C. § 2245(3), now

1

codified at § 2246(3)).  That statutory definition has not changed since its enactment.  As noted in Mr. Vado's initial memorandum, Dkt. No. 36, at 18, Congress in 2006 amended § 2251 to provide for enhanced penalties for a defendant with a "prior conviction ... under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward."  Adam Walsh Child Protection and Safety Act, § 201(b)(1)(B), Pub. L. No. 109-248, 120 Stat. 587, 614 (codified at § 2251(e)).  Nothing in the text or legislative history of the Adam Walsh Act indicates that Congress intended to incorporate § 2246(3)'s definition of "sexual contact" in the amended § 2251(e).

**ARGUMENT**

**Section 2246(3)'s Definition Of "Sexual Contact" Does Not Apply To §§ 2251(e), 2252A(b)(1), Or 2252A(b)(2).**

    A.   <u>The Ordinary Tools Of Statutory Construction Establish That § 2246(3)'s Definition Does Not Permit Application Of The Sentencing Enhancements Absent A Purpose Associated With Sexual Gratification</u>.

Section 2246(3)'s definition of "sexual contact" applies, by its terms, to "this chapter" -- that is, Chapter 109A of Title 18.  The penalty provisions applicable here, §§ 2251(e), 2252A(b)(1), and 2252A(b)(2), appear in Chapter 110.  As a matter of plain text, § 2246(3)'s definition of "sexual contact" does not apply to them.  <u>See, e.g.</u>, <u>Nachman Corp. v. Pension</u>

Benefit Guaranty Corp., 446 U.S. 359, 370-71 (1980) (definition of "nonforfeitable benefits" in Title I of ERISA is "not necessarily applicable" to Title IV, where same term is used but not defined, because Title I's definitions are "limited by the introductory phrase, 'For purposes of this title'").

Absent an express definition of "sexual contact" in § 2251(e), this Court first considers the plain meaning of the term. In common usage, the adjective "sexual," when modifying behavior, connotes a purpose associated with arousal, gratification, or libidinal satisfaction. See, e.g., Merriam-Webster's Collegiate Dictionary 1140 (11th ed. 2012) (defining "sex act" as "an act performed with another for sexual gratification"); see also, e.g., United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2002) (considering "plain meaning" of "sexual abuse of a minor," noting that "[a]mong the relevant definitions for sexual, Webster's includes 'of or relating to the sphere of behavior associated with libidinal gratification'" (quoting Webster's Third New Int'l Dictionary 2082 (3d ed. 1981))). Section 2246(3)'s idiosyncratic definition, by contrast, sweeps much more broadly and captures behavior (spanking, mooning, torturing) that no English speaker would call "sexual." As this Court observed at oral argument, contact with the intimate parts for purposes of degradation and humiliation represents "a different sphere of human conduct"

3

from "sexual contact" as that phrase is ordinarily understood. Tr. 27.  Because § 2246(3)'s definition deviates from the standard meaning, this Court should hold the government to its burden of supplying affirmative evidence of Congress's intent to import that definition into § 2251(e).  See, e.g., Johnson v. United States, 529 U.S. 694, 706 n.9 (2000) (justifying departure from statutory term's "ordinary meaning" only in light of "clear congressional policy").

Nor does Congress's use of the same language in §§ 2246(3) and 2251(e) compel the conclusion that the terms have identical meanings.  Congress often uses the same language to mean different things.  See, e.g., Roberts v. Sea-Land Servs., Inc., 132 S. Ct. 1350, 1360-62 (2012) ("award" has different meanings in different parts of 33 U.S.C.); United States v. Cleveland Indians Baseball Co., 532 U.S. 200, 213 (2001) ("wages paid" has different meanings in different parts of 26 U.S.C.); Robinson v. Shell Oil Co., 519 U.S. 337, 343-344 (1997) ("employee" has different meanings in different parts of Title VII).

Statutory context and structure confirm that § 2246(3)'s definition is inapplicable to § 2251(e).  Congress used the phrase "abusive sexual contact" in two other provisions of the Adam Walsh Act, and both times expressly incorporated Chapter 109A's definition of that term.  See Adam Walsh Act, § 111(3)(A)(iv), 120 Stat. at 591 (SORNA provision defining

4

"Tier II sex offender" as one whose sex offense against a minor was "comparable to or more severe than ... abusive sexual contact (as described in section 2244 of title 18, United States Code)") (codified at 42 U.S.C. § 16911(3)(A)(iv)); id. § 111(4)(A)(ii), 120 Stat. at 591 (SORNA provision defining "Tier III sex offender" as one whose sex offense was "comparable to or more severe than ... abusive sexual contact (as described in section 2244 of title 18, United States Code) against a minor who has not attained the age of 13 years") (codified at 42 U.S.C. § 16911(4)(A)(ii)).  By negative inference, Congress's failure to cross-reference Chapter 109A when using the phrase "abusive sexual contact" in § 2251(e) reflects that it did not intend to incorporate Chapter 109A's definition wholesale.

In fact, other federal laws demonstrate that when Congress intends to incorporate § 2246(3)'s definition of "sexual contact," it does so by express cross-reference.  For example, 18 U.S.C. § 2441(d)(2)(C), a provision of the war crimes statute, specifies that for purposes of that statute, the term "sexual contact" "shall be applied ... in accordance with the meaning given that term in section 2246(3) of this title."  Notably, § 2441(d)(2)(C) was adopted by the same Congress that drafted the Adam Walsh Act.  Military Commissions Act of 2006, § 6(b)(1)(B), Pub. L. No. 109-366, 120 Stat. 2600, 2634.  Other

5

provisions of federal law do likewise.  See, e.g., 20 U.S.C. §§ 6777(e)(8), 9134(f)(7)(E); 47 U.S.C. § 254(h)(7)(H).

It aligns with Congress's purpose to limit qualifying predicate offenses to those undertaken for purposes associated with sexual gratification.  In drafting the Adam Walsh Act, Congress was focused on the high risk of recidivism posed by sex offenders.  See H.R. Rep. 109-218, at 22-23 (2005), available at 2005 WL 2210642.  The studies cited in the House Report, id. at nn.5-7, reflect a higher rate of recidivism for offenders who exhibited deviant sexual arousal.  See, e.g., U.S. Dep't of Justice, Center for Sex Offender Management, Recidivism of Sex Offenders (May 2001), available at http://www.csom.org/pubs/recidsexof.html (cited in H.R. Rep. 109-218, at 22 n.5).  Thus, limiting § 2251(e)'s enhancement to those who committed their prior offenses for purposes of sexual arousal and gratification implements Congress's objective of identifying and incapacitating those most likely to reoffend.

A limited construction of the term "abusive sexual contact" accords with Congress's decision to "word" this "mandatory sentencing statute narrowly."  United States v. Beardsley, 691 F.3d 252, 273 (2d Cir. 2012).  A narrow construction also heeds the rule of lenity, which directs that when interpreting criminal statutes, "'it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken

6

in language that is clear and definite.'" Yates v. United States, No. 13-7451 (U.S. Feb. 25, 2015) (slip op. at 19) (quoting Cleveland v. United States, 531 U.S. 12, 25 (2000)).[1]

B. No Decision Interpreting "Abusive Sexual Contact" In § 2251(e) Has Applied The Definition In § 2246(3).

The government has not cited,[2] and Mr. Vado has not identified, a single decision applying the definition of "sexual contact" in § 2246(3) to § 2251(e).[3] Nor has the government cited a single decision applying any of the sentencing

---

[1] In its supplemental brief, the government contends that the generic federal offenses in Chapter 110 are "broader than the federal offenses defined in Chapter 109A and state offenses that mirror the elements of those offenses." Dkt. No. 40, at 2. To the extent that is true, it is only because of the "relating to" language in the penalty provisions at issue. See, e.g., United States v. Barker, 723 F.3d 315, 322-23 (2d Cir. 2013). Thus, the government's position merely repackages its argument that "relating to" bridges the gap between gratification and degradation. As Mr. Vado has explained, "relating to" does not stretch that far.

[2] United States v. Dattilio, 442 F. App'x 187 (6th Cir. 2011), cited in the government's supplemental brief (at 2), considered the enhancements in §§ 2252(b)(1) and 2252A(b)(1), not § 2251(e). More important, Dattilio confirms Mr. Vado's point because the prior state conviction in that case required a "purpose of sexually arousing or gratifying either person." Id. at 190 (quoting Ohio Rev. Code § 2907.01(B) (1987)). Consequently, the Sixth Circuit did not have occasion to address whether § 2246(3)'s "degradation" language should be carried over to Chapter 110 .

[3] United States v. Dean, 2014 WL 6600417 (2d Cir. Nov. 14, 2014), to which this Court directed the parties' attention at oral argument, applied the definition of "sexual contact" in § 2246(3) not to § 2251(e) but to a provision of the Sentencing Guidelines, U.S.S.G. § 2G2.1(b)(2)(A). 2014 WL 660417, at *3. Dean did so because the Guideline so instructs. See § 2G2.1(b)(2)(A) cmt. n.2.

7

enhancements at issue on the basis of a prior state conviction involving a purpose other than sexual gratification.  A conclusion that Mr. Vado's prior conviction subjects him to the dramatic mandatory minimum sentences in §§ 2251(e), 2252A(b)(1), and 2252A(b)(2) would be truly unprecedented.  It would be the first decision by any court imposing any of these severe sentencing enhancements based on a prior state conviction for conduct that need not have been sexually arousing or gratifying in nature -- that is, for conduct that need not have been "sexual," as that word is commonly understood.  That result would conflict with the text and purpose of the penalty provisions at issue.  Of course, a ruling that Mr. Vado's prior conviction does not trigger the enhanced mandatory minimums would not require this Court to disregard Mr. Vado's prior in determining any sentence.  Rather, such a ruling would only preserve a broader measure of this Court's sentencing discretion.  See Beardsley, 691 F.3d at 274-75.

**CONCLUSION**

For the foregoing reasons, this Court should rule that Mr. Vado's prior conviction does not trigger the enhanced penalties of §§ 2251(e), 2252A(b)(1), or 2252A(b)(2).

Dated:   New York, New York
         March 6, 2015

>                                    Respectfully submitted,
>                                    Federal Defenders of New York
>
>                                    /s/ Daniel Habib, Esq.
>                                    Attorney for Defendant
>                                       **Matthew Vado**
>                                    52 Duane Street - 10th Floor
>                                    New York, NY 10007
>                                    Tel.: (212) 417-8769